UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>LUIS ANGEL GONZALEZ-LARGO (2), )<br>)<br>Defendant. )<br>) | Criminal No. 05-451 (RCL) |

**MEMORANDUM AND ORDER**

This matter came before the court on April 25, 2006 for a detention hearing held pursuant to 18 U.S.C. § 3142(f). The Government filed a motion [5] to detain defendant Luis Angel Gonzalez-Largo without bond pending trial. The Government asserts that no conditions of release would assure the safety of other persons and the community. See id. § 3142(e). Upon consideration of the Government's motion and the factual proffers of both defense counsel and the Government at the hearing, the Government's motion is granted for the reasons set forth below, and defendant Luis Angel Gonzalez-Largo shall be detained pending trial.

I.  BACKGROUND

Defendant Luis Angel Gonzalez-Largo is one of three people charged in a one-count indictment that alleges a conspiracy to distribute an illegal drug. Count One charges defendant with conspiracy to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending or knowing that it would be unlawfully imported into the United States from Guatemala, Nicaragua, and from

elsewhere outside of the United States, in violation of Title 21, United States Code, Sections 959 and 960.

II.     THE GOVERNMENT'S PROFFER

At the April 25, 2006 detention hearing, and in its written motion, the Government proffered the following evidence based on wiretaps and consensual calls made by a cooperating source. Between September 26, 2003 and April 13, 2004, defendant Gonzalez-Largo allegedly conspired, along with his co-defendants, to sell 400 kilograms of cocaine to a buyer in Las Vegas, Nevada, for a cash payment. (Govt.'s Mot. 2.) The parties agreed that, if the initial transaction was successful, the sellers could provide another 400 kilograms of cocaine on credit. (*Id.*) Defendant and his co-conspirator both allegedly advised the buyer's representative that defendant Gonzalez-Largo had, in his possession, 800 kilograms of cocaine. (*Id.*) Defendant Gonzalez-Largo was to transport the drugs to Panama City, where the deal would be consummated. (*Id.*) The transaction was never consummated, however, because defendant Gonzalez-Largo was not able to transport the drugs into Panama City, and due to the arrest of the buyer's representative. (*Id.*) Defendant was arrested in Nicaragua on April 13, 2004, and was found to be carrying nearly $800,000 in cash. (*Id.*) Approximately two years later, he was transported to the United States for an appearance on this indictment, and he appeared before this Court on April 25, 2006 for the detention hearing. (*Id.*) The Government also proffered that defendant Gonzalez-Largo is a citizen of Colombia (*id.* at 4), has no known ties anywhere in the United States (*id.*), has no independent immigration status in the United States (*id.* at 5), and that

he works for a Colombian paramilitary group that the United States Government has designated a terrorist organization (*id.* at 4).

III.    DISCUSSION

The Bail Reform Act of 1984 allows a federal court to detain a defendant pending trial if the Government demonstrates at an adversary hearing that no release conditions "will reasonably assure the appearance of the person as required and that the safety of any others and the community . . . in a case that involves . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act [or] any felony if the person has been convicted of two or more offenses" involving violence, with a maximum sentence of life in prison or death, or involving certain narcotics violations." 18 U.S.C §§ 3142(f)(1)(C)-(D); see United States v. Salerno, 481 U.S. 739, 741 (1987).

In the instant case, a grand jury has already found probable cause to believe that the defendant conspired to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine. The grand jury's indictment, which must be taken "fair upon its face," does furnish probable cause to believe that the defendant committed the acts that constitute this offense. See United States v. Mosuro, 648 F. Supp. 316, 318 (D.D.C. 1986) (quoting Gerstein v. Pugh, 420 U.S. 103, 117 n.19 (1975) and various courts of appeals). Because these acts each carry a mandatory minimum sentence of ten years and a maximum of life in prison, 21 U.S.C. § 841(b)(1)(A), the Government may properly move for a pre-trial detention hearing, 18 U.S.C. § 3142(f)(1)(C).

Based on the seriousness of the narcotics charges in this case, a presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community, applies:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . .

18 U.S.C. § 3142(e).

Although the § 3142(e) presumption has been triggered in this case, the Government still bears the burden of persuasion. See United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985). The Court finds, however, that the Government has met its burden and that the presumption has not been rebutted by the defendant. The Court's analysis in this regard is guided by the factors set forth in 18 U.S.C. § 3142(g). The Court now turns to that analysis.

Pursuant to 18 U.S.C. § 3142(g), the court must, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Under the language of 18 U.S.C. § 3142(g)(1), pretrial release is to be granted more sparingly when "the offense is a crime of violence or involves a narcotic drug." Because the

indictment of the defendant alleges conspiracy to distribute cocaine, this Court concludes that the nature and circumstances of the offense charged strongly weigh against granting defendant's motion for release pending trial. Drug trafficking is a serious offense, especially when, as here, the trafficking involves large quantities of narcotics and is large in scope, involving two co-defendants over six months.

The weight of the evidence is sufficient to permit detention in this case. The Government's proffer, wiretaps and consensual calls made by a cooperating source, indicated Gonzalez-Largo's substantial, high-level involvement in a conspiracy to engage in a major drug transaction that would span two continents and involve large quantities of drugs and cash. Defendant Gonzalez-Largo's characteristics, particularly his citizenship, also weighs in favor of pre-trial detention. He is a Colombian national, without independent immigration status or any known ties to the United States, increasing the likelihood that he would flee if released pending trial.

That brings the Court to the final factor, the seriousness of the danger that the defendant would pose to the community if released. The Court finds that, considering the charges involved in this case, the nature and seriousness of the danger to the community weigh in favor of Gonzalez-Largo's continued detention. Gonzalez-Largo allegedly conspired to distribute at the wholesale level substantial quantities of narcotics – quantities that invoke the ten-year-minimum sentence requirements of the drug laws. The danger that continued drug sales pose to the community weighs in favor of continued detention of the defendant.

IV.     CONCLUSION

Upon consideration of all the evidence and the factors set forth in 18 U.S.C. § 3142(g), the court finds clear and convincing evidence that Gonzalez-Largo's pretrial release would constitute an unreasonable danger to the community.  Furthermore, upon consideration of the possible release conditions set forth in § 3142(c), the court finds clear and convincing evidence that no condition or combination of conditions can be imposed that would reasonably ensure the safety of the community, were the defendant to be released pending trial.

Accordingly, it is hereby ORDERED that the Government's motion [5] to detain defendant pending trial is GRANTED; and it is further ORDERED that:

1. Defendant Gonzalez-Largo will remain in the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. Defendant Gonzalez-Largo shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant Gonzalez-Largo is confined shall deliver these defendants to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, April 27, 2006.