UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CR. NO. 1:05-CR-451 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **RENE OSWALD COBAR, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**GOVERNMENT'S MOTION TO EXCLUDE
TIME UNDER THE SPEEDY TRIAL ACT**

**INTRODUCTION**

The United States respectfully submits this motion to exclude time from the calculation of the date by which Defendants Rene Oswald Cobar, Luis Angel Gonzalez-Largo, and Victor Manuel Cruz-Garcia must be tried in this case pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161.  As set forth below, the Speedy Trial Act specifically authorizes the Court to: (1) exclude all time until the last co-defendant in this case is brought to the District of Columbia for trial, 18 U.S.C. § 3161(h)(7), and (2) exclude time relating to a continuance of the trial date in the interests of justice because of the complexity of the case, 18 U.S.C. § 3161(h)(8)(A).

I.      **FACTUAL BACKGROUND**

A.      **General Background**

This prosecution is based upon evidence obtained during a lengthy international investigation by the Drug Enforcement Administration (DEA) and other foreign law enforcement agencies of at least one Colombian drug trafficking organization.  Beginning on or about September 26, 2003 and continuing until April 13, 2004, Cobar, Cruz-Garcia, and

Gonzalez-Largo conspired to send 400 kilograms of cocaine from Panama to a buyer in Las Vegas, Nevada, in violation of Title 21, United States Code, Section 963; in conjunction with Title 21, United States Code, Sections 959(a)(1) and 960, and Title 18, United States Code, Section 2.  Cobar represented the would-be buyer (who actually was a DEA source) in Las Vegas, Cruz-Garcia acted as the Central American-based broker for the deal, and Gonzalez-Largo was the supplier.  Both Cruz-Garcia and Gonzalez-Largo told Cobar that Gonzalez-Largo was in possession of 800 kilos of cocaine in Panama.  In February 2004, they tried to consummate the shipment, but failed due to problems involving the police and checkpoints in Panama.  The shipment ultimately fell through when both Cobar and Gonzalez-Largo were arrested on unrelated charges.

Both Cruz-Garcia and Gonzalez-Largo eventually were arrested on separate occasions in Nicaragua and, in April 2006, both were turned over to the DEA for transportation to the United States for prosecution in this case; both defendants are now in the custody of the United States Marshal Service for the District of Columbia awaiting trial.  Cobar is now in custody in Las Vegas awaiting transportation by the United States Marshal Service to the District of Columbia, which should take three to four weeks to accomplish.

**B. The Evidence**

So far, the discovery in this case amounts to more than a thousand pages of documents.  In addition, the government will be providing counsel for the defendants with numerous recorded telephone conversations intercepted by U.S. and foreign authorities.  At a trial, some witnesses would be traveling from Panama and possibly from other counties in Central and South America.

## II.     LEGAL ANALYSIS

### A.     Time Excluded Under The Speedy Trial Act

The Speedy Trial Act ordinarily requires a defendant to be tried within seventy days from the filing of his indictment or from the date on which he or she appears before a judge or magistrate, whichever occurs last. 18 U.S.C. § 3161(c)(1).  Numerous exceptions exist, however, that exclude time from the seventy day period. One specific exception is  "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."  18 U.S.C. § 3161(h)(7).

In United States v. Varella, 692 F.2d 1352, 1358 (11th Cir. 1982), the court noted this provision embodied Congress' recognition that "the efficiency and economy of joint trials far outweighed the desirability of granting a severance where the criterion was simply the passage of time." Thus, other courts have relied upon this provision as a basis to exclude significant periods of time from the computation of a defendant's speedy trial calendar.

In United States v. Franklin, 148 F.3d 451 (5th Cir. 1998), for example, the court found that excluding 134 days while police searched for a fugitive co-defendant was reasonable in order to permit a joint trial of the defendants in a drug conspiracy case. "The utility of a joint trial is particularly compelling here, as the defendants were charged with a single conspiracy so that the government could be expected to recite a single factual history, put on a single array of evidence, and call a single group of witnesses." Id. at 457 (internal quotations omitted).

 In United States v. Tobin, 840 F.2d 867 (11th Cir. 1988), the court found that the exclusion of eight months and ten days based on an unsuccessful effort to capture a fugitive co-defendant was reasonable. The court reasoned that under the "totality of the circumstances" the

delay was necessary to determine if the goal of a single trial could be met and that the defendant was not prejudiced, "particularly in terms of impairing his ability to defend himself." Id. at 869. See also United States v. Register, 182 F.3d 820, 826-28 & n.8 (11th Cir. 1999) (holding that a 38 month delay, while extraordinary, did not raise speedy trial concerns where the delay had resulted in part from the periodic joinder of defendants and the return of several superseding indictments). These same interests clearly support the exclusion of time under the Speedy Trial Act in this case until the last defendant is arrested and extradited to the United States. The defendants in this case are charged in a single conspiracy and the interests of judicial economy strongly weigh in favor of a single trial. The burden of multiple trials in this case would be enormous, particularly because of the costs associated with bringing civilian and law enforcement witnesses from different countries to the United States. More importantly, witness safety is implicated if the cooperating individuals in this case are forced to testify at multiple trials, particularly if required to testify while some defendants are still at large.

**B.     The Complexity Of The Case Tolls Speedy Trial Provisions**

The Speedy Trial Act also authorizes the Court to effectively toll the seventy day trial period by granting a continuance on the basis of the court's findings "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). In determining whether to grant a continuance, one factor the Court must consider is

> Whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits [prescribed by the statute].

18 U.S.C. § 3161(h)(8)(B)(ii).

Numerous decisions have declared cases to be sufficiently "complex" within the meaning of the Speedy Trial Act to warrant a continuance of the trial date. In <u>United States v. Brooks</u>, 697 F.2d 517 (3d Cir.1982), for example, the appellants challenged their criminal convictions, asserting violations of their rights under the Speedy Trial Act. In rejecting these claims, the Third Circuit upheld the decision of the district court granting a continuance pursuant to Title 18, United States Code, Section 3161(h)(8)(B)(ii).

In <u>Brooks</u>, the trial court relied on the fact that the indictment charged nine individuals with engaging in a lengthy drug conspiracy involving the manufacture and distribution of a controlled substance in violation of Title 21, United States Code, Section 846. The indictment also detailed four separate substantive charges of possession and distribution of controlled substances by some members of the conspiracy. On these facts, the Third Circuit concluded that the trial court's holding that the case was complex and warranted additional time for preparation before trial was proper. <u>Id.</u> at 522.

Similarly, in <u>United States v. Al-Arian</u>, 267 F. Supp. 2d (M.D. Fla. 2003), the trial court concluded that a case involving a group of international criminals was sufficiently complex to warrant granting the Government's continuance request. The evidence in that case consisted of 21,000 hours of recorded conversations in Arabic, hundreds of boxes of documentary evidence, and voluminous other foreign law enforcement materials. Based upon the complexity of the case, the trial court granted a continuance from June 5, 2003, until January 10, 2005 - a period of 19 months. <u>See</u> <u>also</u> <u>United States v. Kamer</u>, 781 F.2d 1380 (9th Cir. 1986) (concluding that an "ends of justice" continuance for additional trial preparation was supported by a complex case that had numerous overseas documents, most of which were in the Dutch language, and many foreign witnesses); <u>United States v. Strong</u>, 608 F. Supp. 188 (E.D. Pa. 1985) (concluding the

failure to grant an ends of justice delay would deny the government needed evidence and time necessary for effective preparation in a complex case that sought evidence from Hong Kong and Singapore).

    A continuance of the present case would serve the interests of justice because of the complex nature of the prosecution. The investigation conducted in this case has generated hundreds of recorded phone conversations and thousands of pages of documents. Essentially all of the recorded conversations documents are in Spanish. Moreover, the government has potential witnesses who reside outside of the United States and must be brought to this country to testify at trial. In addition, because the case involves the extraterritorial application of United States law and the prosecution of an international drug conspiracy, it may present novel questions of fact or law.

    Accordingly, the government submits that the ends of justice would be served and the interests of the public and the defendant are outweighed by granting a continuance of the trial date. At this early stage of the trial proceedings, it is impossible to gauge how long it will take the parties to prepare for trial.

///
///
///
///
///
///
///
///
///

### III. CONCLUSION

The Government therefore respectfully requests that the Court (1) exclude all time from the date of this motion until defendant Cobar appears in court in the District of Columbia in this case and (2) certify this case as complex and, in the interests of justice, exclude from speedy trial consideration any time related to continuance of the trial date because of the complexity of the case.

                                      Respectfully submitted,

                                      Kenneth A. Blanco, Chief
                                      Narcotic and Dangerous Drug Section
                                      Criminal Division
                                      U.S. Department of Justice

Date: April 27, 2006                     /s/ John M. Gillies
                                                      John M. Gillies
                                                      Narcotic and Dangerous Drug Section
                                                      Criminal Division, U.S. Department of Justice
                                                      1400 New York Avenue, N.W., Suite 8000
                                                      Washington, DC 20005
                                                      Tel.:  202-307-2354
                                                      Fax.:  202-514-0483
                                                      Email: John.Gillies@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing motion was transmitted by electronic mail via Electronic Case Filing (ECF) to David Bos, Esquire, counsel for Victor Manuel Cruz-Garcia and by fax to Heather Shaner, Esquire, (202) 332-8057, counsel for Luis Angel Gonzalez-Largo, this 27th day of April, 2006

   /s/ John M. Gillies
John M. Gillies
Narcotic and Dangerous Drug Section
Criminal Division, U.S. Department of Justice
1400 New York Avenue, N.W., Suite 8000
Washington, DC 20005
Tel.:  202-307-2354
Fax.:  202-514-0483
Email: John.Gillies@usdoj.gov