UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 05-451 (RCL) |
| ) | |
| RENE OSWALD COBAR, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### ORDER

The Government having filed an unopposed motion [8] to exclude time under the Speedy Trial Act, the Court hereby makes the following findings:

1. Additional time is necessary for the defense counsel to review the evidence, to determine the appropriate motions to be filed, if any, and to fully prepare the defense for trial. The Court further finds that, without such additional time, defense counsel would not be able to effectively represent their respective clients at trial.

2. Based on the quantity of evidence, the Court finds that this case is "complex" within the meaning of 18 U.S.C. § 3161, *et seq.*, and that it is unreasonable to expect adequate preparation for pretrial proceedings, and for the trial itself, within the time limits established by the Speedy Trial Act.

3. Regardless of whether this case is "complex," based upon the quantity of evidence, the Court finds that, pursuant to 18 U.S.C. § 3161(h)(8)(B)(iv), the failure to provide additional time would deny counsel for the defendants the

1

    reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

4.     Based on the foregoing, the Court finds that the tolling of the Speedy Trial Act serves the ends of justice and outweighs the interests of the public and the defendants in a speedy trial.

Accordingly, it is hereby

ORDERED that, in accordance with 18 U.S.C. §§ 3161(h)(8)(A), (h)(8)(B)(ii), (h)(8)(B)(iv) and (h)(7), a period of 180 days shall be excluded from the computation of time within which to commence trial. Such period commences from May 22, 2006, the date the last defendant first appeared before this Court after being apprehended.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, July 19, 2006.