**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CR. NO. 1:05-CR-451** |
| | ) | |
| **RENE OSWALD COBAR** | ) | |
| | ) | |
| **&** | ) | |
| | ) | |
| **LUIS ANGEL GONZALES-LARGO** | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MOTION TO EXTEND STAY TO AND INCLUDING**
**DECEMBER 13, 2006**

      **COMES NOW** the United States of America, by and through the undersigned attorney, and hereby requests that this Court grant a two-week extension of its November 9, 2006, stay in the instant case. The Court issued its order dismissing the indictment for lack of venue on November 9, 2006, but granted a 20-day stay of its decision to permit the Government an opportunity to seek a further stay from the United States Court of Appeals for the District of Columbia Circuit. The Government immediately commenced the internal review procedures necessary to seek a stay from the D.C. Circuit and to pursue an appeal. The Government filed a protective notice of appeal on November 14, 2006.

      This case presents two novel and complex issues of first impression in this Circuit – namely, whether a conspiracy to commit an inherently extraterritorial crime is "committed within a State" within the terms of Article 3, § 2, cl. 3 of the Constitution when one member of the conspiracy operates within the United States, and whether a person is "first brought" under 18 U.S.C. § 3238 when he is indicted in a district, not the District of Columbia, prior to his being

physically brought into the United States.  Indeed, the Constitutional issue is one of first impression in any circuit court.  Moreover, the consequences of this Court's decision, which effectively precludes the Government from bringing cases under 21 U.S.C. § 963 in this court, are far-reaching, potentially affecting many of the cases prosecuted by the Department of Justice's Narcotic and Dangerous Drug Section.  Additionally, the court's venue analysis will likely affect cases involving extraterritorial crimes of violence and terrorism.  In requesting this extension, the Government is aware that Cobar has been in custody in Nevada and then in the District of Columbia for approximately two years.  However, given the complexity of the issues and the potential impact of this ruling on cases of national and international significance, an extension is warranted.  More time is necessary to allow the Department of Justice, including the Criminal Division and the Solicitor General's Office, to consider the matter fully.

For these reasons, the Government respectfully requests an extension of this Court's stay to and including December 13, 2006.

Respectfully submitted, this 17th day of November, 2006.

Kenneth A. Blanco, Chief
Narcotic and Dangerous Drug Section


_____
Paul Laymon
Assistant Deputy Chief


_____
Teresa A. Wallbaum
Appellate Counsel
U.S. Department of Justice
Criminal Division
Narcotic and Dangerous Drug Section
(202) 616-5193

2

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 17th day of November, 2006, a copy of the foregoing

Government's Motion to Extend Stay To and Including December 13, 2006 was filed

electronically with the Court, automatically generating electronic service upon counsel of record.


_____

Teresa A. Wallbaum